**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**FILED**

AUG 1 9 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | | |
| v. | : | Criminal Case No.   15-55 (BAH) |
| | : | |
| | : | |
| FRED PAGAN, | : | |
| Defendant. | : | |

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

I.    Summary of the Plea Agreement

Defendant Fred Pagan agrees to admit guilt and enter a plea of guilty to a one-count Information, which charges him with conspiracy to distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).    The government will dismiss the remaining charges in the Indictment at the time of sentencing.

II.    Elements of the Offense

The essential elements of the offense of Conspiracy to Distribute and Possess with the Intent to Distribute a detectable amount of methamphetamine (actual), in violation of 21 U.S.C. § 846, each of which the government must prove beyond a reasonable doubt, are:

1.    That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance;

2.    That the defendant intentionally joined in that agreement[1]; and

_____

1  See United States v. Lam Kwong Wah, 924 F.2d 298, 302-303 (D.C. Cir. 1991) (violation of section 846 does

1

3.    That the defendant knew the purpose of the agreement was to distribute and possess with intent to distribute a detectable amount of methamphetamine (actual).

The essential elements of the underlying offense of Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

1.    That the defendant distributed a controlled substance (methamphetamine). Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return; and

2.    That the defendant distributed the controlled substance knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the underlying offense of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

1.    That the defendant possessed a controlled substance (methamphetamine);

2.    That the defendant did so knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.    That when the defendant possessed the controlled substance, he had the specific intent to distribute it.  Distribute means to transfer or attempt to transfer to another person.

III.    Brief Statement of the Facts

does not include an element of commission of an overt act in furtherance of the conspiracy).

2

The following statement of facts does not purport to include all of the defendant's illegal conduct during the course of the conspiracy.   Nor does it purport to be an inclusive recitation of all that the defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his co-conspirators.   It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this matter gone to trial, the government would have proved beyond a reasonable doubt that Fred Pagan resided at 5714 Colorado Avenue, NW, Washington, D.C.   From at least on or about November 2014 through April 23, 2015, Pagan used methamphetamine, and there is evidence recovered by the government consistent with significant usage and addiction.   In mid-February 2015, Pagan agreed to be supplied methamphetamine from Co-Conspirator 1 ("CC1").   Pagan was aware that the methamphetamine did not come directly from CC1 but from another source.   The government is aware that CC1 arranged to have another Co-Conspirator ("CC2") ship the methamphetamine to Pagan.   Pagan received from California by commercial mail delivery what Pagan knew were packages of methamphetamine on February 27, 2015, March 3, 2015, March 4, 2015, March 9, 2015, and March 26, 2015.   The sender listed on the package is someone other than CC1, and the government is aware that the sender is a pseudonym for CC2. After Pagan received the packages of methamphetamine, CC1 and Pagan would arrange for CC1 to pick up the packages.   On these occasions CC1 would provide Pagan methamphetamine.   CC1 never provided Pagan money for keeping the packages at Pagan's house.   CC1 stated to Pagan that CC1 in part wanted to avoid detection because there were too many packages going to CC1's residence.   Pagan was aware that CC1 was distributing methamphetamine to others.   In addition, Pagan requested on at least three occasions that CC1 order additional amounts of

3

methamphetamine, in quantities as much as an ounce for Pagan.   The methamphetamine was approximately $1,000 to $1,100 an ounce.

On at least two occasions Pagan drove CC1 to the airport knowing that CC1 traveled in part to obtain methamphetamine.   Pagan was aware that CC1 sold methamphetamine to individuals other than Pagan and that many individuals visited the residence of CC1 for methamphetamine.

On April 9, 2015, customs officials assigned to the DHL International facility in Cincinnati, Ohio, inspected a package and found it to contain about 1.1 kilograms of gamma-Butyrolactone (GBL), a Schedule I substance, bound for Pagan's residence, 5714 Colorado Avenue, NW, and shipped from China.   Agents executed a search warrant for 5714 Colorado Avenue, NW on April 23, 2015.   Located underneath Pagan's bed was methamphetamine in a tightly wrapped package inside a three ring binder.   The methamphetamine was analyzed and had a "net weight" of approximately 133.9 grams, a "reserve weight" of approximately 132.9 grams, with a substance purity of approximately 91.4 percent. The total amount of pure methamphetamine was approximately 122.3 grams.   Pagan stated that he had opened the package by mistake and was holding it for CC1.   Pagan was aware prior to receipt of the package that CC1 had been planning to send him a package of methamphetamine.

Pagan on both April 10 and April 15, 2015, purchased one ounce of methamphetamine for $1100, which he wired to a PayPal account, which belonged to an individual whose identity is known to the government.   Pagan does not agree that these transactions constituted part of the conspiracy.

Pagan admitted to ordering the GBL and that he did so on at least two other occasions. Pagan acknowledges that the government has evidence that he imported GBL from other countries

4

in 2012 in the amount of 1.2 kilograms, and 2014 in the amount of 1.8 kilograms.   Pagan acknowledged using GBL.   He acknowledges that he sometimes sold user amounts of methamphetamine to friends. He acknowledges that he would sometimes arrange these methamphetamine transactions by phone.

Pagan admits that between February 2015, and April 23, 2015, the government could prove he conspired to assist CC1 in possessing with the intent to distribute methamphetamine, which included the approximately 132.9 grams of reserve weight of actual methamphetamine, as described above, located at his residence on April 23, 2015.

Respectfully Submitted

Acting Vincent E. Cohen, Jr.
United States Attorney

BY:   _____

Jeff Pearlman
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate.   While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity as well as the activities of some of my co-conspirators.   No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8/19/2015

Fred Pagan, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 8/19/15

Kobie Flowers, Esquire
Counsel for Defendant